The question is, was the provision in the act of 1857, repealed by the act of 1858?

It is almost too plain for argument that the word *may* in both statutes means shall. It is hardly necessary to resort to the general provision of the Revised Statutes, vol. 3, 5 ed., 869, § 29, to show this. Statutes conferring criminal jurisdiction should be construed strictly. Not less than three justices can hold the court, under the act of 1858. It would certainly be extraordinary if we had two statutes on our Statute Books in force, the one authorizing Courts of Special Sessions in the city of New York to be held by two, and the other by three police-justices.

I think the provision in the act of 1857 plainly inconsistent with the act of 1858, and was intended to be, and was repealed by it; and, therefore, the prisoner must be discharged.

---

## WASHBURN *a.* FRANKLIN.

*Supreme Court, First District; Circuit, December,* 1859.

### CONTRACTS.—REPEAL OF STATUTE.

A contract prohibited by statute, and entered into while the prohibiting statute is in force, is not rendered valid by a subsequent repeal of the statute.

Trial by the court.

The action was brought to recover damages for not fulfilling a contract for the purchase from plaintiff of certain stock.

The time of the making of the alleged agreement was prior to the act of 1858 (*Laws of* 1858, 251, ch. 134), repealing the statute prohibiting stock-jobbing. (1 *Rev. Stat.*, 710.)

The plaintiff was not the owner of the stock at the time of making the agreement, nor was he in possession of it. See a decision on a demurrer to the complaint, reported 7 *Ante*, 8.

STRONG, J.—The contract which is the basis of this action, at the time it was made, was void by the express terms of section 1 of the stock-jobbing act. That section has since been repealed, but I am unable to perceive how the simple repeal can make the contract valid. By declaring the contract void, the statute had done its work in respect to the contract; in a legal view there was no contract when the statute was repealed; and I do not see how its repeal merely, can give what was void vitality.

The case of The Central Bank *a.* The Empire Stone-Dressing Co. (26 *Barb.*, 23), is referred to as authority that the repeal of the statute abrogated its operation as to prior contracts; but there is this distinction between the two cases: in the latter case, the contract was claimed to be void because it was contrary to the statute prohibiting the circulation within the State of foreign bank-notes of a denomination less than five dollars; it was not declared void by the statute. The contract being illegal it could not be enforced while the statute existed, but it was held it might be after the statute was repealed. The court, in their opinion, do not place the decision upon the ground that the contract was not declared void by the statute, but I think it can be sustained if at all only on that ground.

On account of the distinction mentioned, I think I am not controlled by the case cited; and following my own convictions as to the law, must order judgment in favor of the defendant.

Judgment accordingly.